1    JOSEPH P. RUSSONIELLO (CSBN 44332)
     United States Attorney
2
     BRIAN STRETCH (CSBN 163973)
3    Chief, Criminal Division

4    DENISE MARIE BARTON (MABN 634052)
     Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102
        Telephone: (415) 436-7359
7       Facsimile: (415) 436-7234
        denise.barton@usdoj.gov
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13   UNITED STATES OF AMERICA,          )    NO.  CR 07-590 CRB
                                         )
14            Plaintiff,                 )    **UNITED STATES' SENTENCING**
                                         )    **MEMORANDUM**
15        v.                             )    Sentencing
                                         )    Date:        February 20, 2008[1]
16   KENNETH BABERS,                     )    Time:        10:00 am
                                         )    Courtroom:   19th Floor, Courtroom 8
17            Defendant.                 )                 Hon. Charles R. Breyer
     _____ )
18

19

20

21

22

23

24

25

26                                      _____

27                                          [1] Counsel of record for the United States
                                        will be on medical leave on the date of sentencing.
28                                      Another Assistant United States Attorney will be
                                        appearing on her behalf.

## I.     INTRODUCTION

The defendant, Kenneth Babers, is a violent recidivist offender who has carried and used firearms since the age of 14.  Notwithstanding his numerous felony convictions, each of which prohibited the defendant from possessing a firearm, the defendant still chose to obtain and carry a firearm and when confronted, attempted to callously discard it and leave it in a residential area. The defendant, as a juvenile and adult, has been given many opportunities to rehabilitate himself and stop his violent and criminal behavior.  However, he has not availed himself of these opportunities.  Instead, the defendant has continued to engage in impulsive, violent, and criminal conduct and pose a threat to the community.  Recognizing the defendant's personal and criminal history, failure to be deterred from criminal conduct, and the seriousness of the instant offense, the United Sates recommends that a Guideline range sentence of 51 months, followed by 3 years supervised release with the conditions recommended by the Probation Officer is "sufficient, but not greater than necessary" to effect the purposes of sentencing.  See 18 U.S.C. § 3553(a).

## II.     STATEMENT OF FACTS

Since 1990, the defendant has been a consistent threat to the communities in which his has lived.  In 1990, as a young teenager, after being removed from his family home, the defendant stole a van from his group placement home, attempted to evade law enforcement during which he drove recklessly and nearly collided with other vehicles, and then abandoned the stolen vehicle, after which it rolled down a hill and collided with a house.  *Presentence Report (PSR)*, ¶ 25.  Thereafter, in a 3 month period in mid- 1991, the defendant brought a gun to school and, for his actions in a separate incident, was adjudicated delinquent for assaulting a woman, punching her in the face, and stealing her purse.  *PSR* ¶¶ 35, 36.  Later in 1991, the defendant was charged with assaulting his roommate at his group home.  *PSR* ¶ 27.  In 1992, the defendant, and other juveniles, threw tomatoes at a passing car.  What may have been a juvenile prank became an act of violence when the defendant, after being confronted by the driver, kicked out the window of the car and caused cuts to the driver's face.  *PSR* ¶ 37.  In 1993, the defendant was again adjudicated delinquent after he shot and killed a woman in front of her one-year old child

1 over an $80 debt for crack cocaine. In making statements about this killing, the defendant said

2 he was angry and that he was "gonna do whatever it took to get his money." *PSR* ¶ 27.

3       In 1997, as an adult but while committed to the California Youth Authority following the

4 juvenile adjudication for Murder, the defendant was involved in a fight with a rival gang member

5 and used a prison-made weapon. In 2004, three years after his release from the California Youth

6 Authority, the defendant was convicted for Threatening to Commit a Crime, namely threatening

7 to blow up a house after openly masturbating in front of two minor females. *PSR* ¶ 29. In 2005,

8 the defendant was arrested twice for acts of violence - first, for running from police and after

9 apprehension, taking a fighting stance with police officers and resisting arrest and second,

10 domestic violence against his girlfriend who reported that the defendant - then, a convicted felon,

11 always carried a firearm. *PSR* ¶¶ 38, 39. In 2006, the defendant continued to re-offend. He was

12 convicted for possession of cocaine and for indecent exposure after openly masturbating in a

13 BART station. *PSR* ¶¶ 30, 31.

14

15 **III.    PROCEDURAL HISTORY**

16       On December 5, 2007, the defendant pled guilty pursuant to a Plea Agreement.   In the

17 Plea Agreement, the parties agreed that the Adjusted Offense Level, after Acceptance of

18 Responsibility, is 17. The parties did not agree on the Criminal History category. The Plea

19 Agreement also permitted the defendant to seek a downward departure of not more than 6

20 months, 21 days for the time spend in state custody for San Francisco County, case number

21 2308492.[2]

22 //

23 //

24 _____

25     [2] In the Sentencing Recommendation of the Presentence Report, the Probation Officer

26 stated that the "parties contemplated, in the plea agreement, that the defendant be given credit for time he served in state custody on this offense." *Sentencing Recommendation of PSR*, p. 2.  This

27 statement is not accurate. In fact, the Plea Agreement permitted the defendant to seek a downward departure on this basis. The parties did not agree that the defendant be given credit

28 for this time.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.     ARGUMENT**

As the Court is well aware, the Sentencing Guidelines are no longer binding in the wake of the Supreme Court's decision in *Booker*.  Rather, this Court is to consider the Guidelines along with the other factors set forth in Title 18, United States Code, section 3553(a) to fashion a sentence that is sufficient, but no harsher than necessary, to comply with the purposes of sentencing.  As set forth in *United States v. Mix*, 457 F.3d 906, 911 (9th Cir. 2006), the District Court must correctly analyze the Guidelines and then take into account the factors set forth in section 3553.  Although the Guidelines are not binding, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives."  *United States v. Rita*, 127 S. Ct. 2456, 2464 (2007).  Analysis of the Guidelines and the section 3553 factors in this case demonstrates that the 51 month sentence recommended by the Government is a reasonable and appropriate one in this case and for this defendant.

A.     Guidelines Range.

The United States agrees with the United States Probation Department that the adjusted offense level for this defendant is 17; the Criminal History Category is V; and the resulting sentence range under the Sentencing Guidelines is 46-57 months.   The 51 month sentence recommended by the United States is, in effect, a high-end Guideline sentence that takes into account the 6 months that the defendant spent in custody on the state charges for the same conduct.  The United States believes that a 51 month sentence is a reasonable and appropriate disposition of the matter that is consistent with sentences imposed for similarly situated and properly accounts for the defendant's criminal conduct and the section 3553 factors.

B.     Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.

In recommending a 51 month sentence, the United States has taken into consideration the nature and circumstances of this offense and history and characteristics of the defendant as is contemplated in section 3553(a)(1).  The United States recognizes that the defendant's

UNITED STATES' SENTENCING MEMORANDUM, CR 07-0590 CRB

1  upbringing likely contributed to his circumstances. However, his family circumstances should
2  not relieve this Court of the need to impose a significant sentence, given the nature of this
3  offense and the characteristics of this defendant.

4       In this case, the defendant, a three-time convicted felon with a history of significant
5  violence and impulsive conduct, was found with a firearm. In addition, when approached by the
6  police, the defendant ran, withdrawing the firearm from his waistband, and when stopped by the
7  police, he attempted to hide the firearm by throwing it under a parked car in a residential
8  neighborhood. *PSR* ¶ 5. In her Recommendation, the Probation Officer notes that the "instant
9  offense, in and of itself, was non-violent." *PSR Sentencing Recommendation*, p. 1. The United
10 States believe that this statement minimizes the significance of the conduct that led to this
11 conviction. In this case, the defendant was in possession of a firearm - which caused the
12 potential for harm and violence to the community. When confronted by police, the defendant ran
13 with the firearm, causing potential harm to the police. Thereafter, when captured, the defendant
14 attempted to hide the firearm under car. If the police had not seen where the defendant discarded
15 the weapon, this firearm would have been left on the ground for any passerby - child or adult - to
16 take and possibly use.

17      Further, this defendant, notwithstanding his tragic childhood, is the type of offender who
18 should be sentenced to a significant term of imprisonment. Since the age of 14, the defendant
19 has carried a firearm. His propensity for violence has not been mitigated by his arrests,
20 commitments, and incarcerations. At an early age, the defendant used a firearm to kill a woman -
21 in front of her one year old child - over an $80 debt. Thereafter, not rehabilitated by his juvenile
22 commitment for Murder, the defendant used a prison-made weapon to assault a fellow inmate.
23 After his release from this conviction, the defendant continued to engage in violent conduct
24 toward strangers and his girlfriend. This defendant has shown that he cannot be restrain himself
25 and cannot conform his conduct to lawful, non-violent standards. Accordingly, this Court should
26 impose a 51 month sentence.

27 //

28 //

UNITED STATES' SENTENCING MEMORANDUM, CR 07-0590 CRB

C.    The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment.

As set forth in 18 U.S.C. § 3553(a)(2)(A), the Court must also consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.  As noted above, this crime - although not one in which the defendant directly threatened an individual, as he has in the past, is serious and posed a significant threat to the community.  The defendant has been prohibited for a decade- by virtue of his three prior felony convictions -  to posses a firearm.  Nevertheless, he continued to obtain and carry a firearm.  The Defendant's actions demonstrate a repeated lack of respect for the law and failure to recognize the consequence of his repeated violent acts.  For this Court to impose any less of a sentence than a high-end sentence, would convey a message to this defendant and other similarly situated recidivist violent felons, that possessing firearms in violation of federal law, will not be regarded and sentenced seriously by federal courts.

D.    The Need To Afford Adequate Deterrence to Criminal Conduct.

Section 3553(a)(2)(B) requires this Court to take into account the need to provide adequate deterrence to criminal conduct.  Notwithstanding his prior convictions, the defendant has not been deterred from criminal behavior.  It is hoped that a sentence of 51 months will be significant to the Defendant and sufficient, but not greater than necessary, to impress upon the Defendant that continuing to engage in criminal conduct will lead to nothing but further imprisonment, with even longer sentences in the future.

E.    The Need to Protect the Public From Further Crimes of the Defendant.

Under section 3553(a)(2)(C), this Court should fashion a sentence that takes into account the need to protect the public from further crimes.  The defendant has a criminal history involving significant violence, narcotics, and sexual offenses.  Notwithstanding his prior periods of incarceration, the defendant has continued to re-offend and has continued to carry firearms in the community.  The United States submits that a sentence of 51 months will protect the public

1  from further criminal conduct by the Defendant and will convince the Defendant that continuing

2  to commit crimes in the future, after release from incarceration, is not a viable life choice.

3

4  **V.     CONCLUSION**

5          For the foregoing reasons, the United States submits that a 51- month Guideline range

6  sentence, followed by 3 years supervised release and the conditions recommended by the

7  Probation Officer, is an appropriate sentence under the United States Sentencing Guidelines and

8  the sentencing factors under § 3553(a).

9

10 DATED: February 13, 2008                    Respectfully submitted,

11                                             JOSEPH P. RUSSONIELLO
                                               United States Attorney
12

13                                                    /s/
                                               _____
14                                             DENISE MARIE BARTON
                                               Assistant United States Attorney
15

16

17

18

19

20

21

22

23

24

25

26

27

28